UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY DEAN MAXFIELD,

      Plaintiff,

    v.

INDYMAC MORTGAGE SERVICES, *et al.*,

      Defendants.

Case No. C16-0564 RSM

ORDER REGARDING SANCTIONS

## I.    INTRODUCTION

On December 28, 2016, this Court entered an Order dismissing this case and directing Plaintiff's counsel to show cause why she should not be monetarily sanctioned pursuant to Rule 11(c)(1). Dkt. #14. Plaintiff's counsel has responded to the Order, primarily arguing that she should not be sanctioned because she has raised a new and novel legal theory in good faith in this case, and has not asserted frivolous claims. Dkt. #18. Having considered counsel's response, the Court will not impose monetary sanctions in this matter for the following reasons.

## II.    BACKGROUND

On or about April 11, 2006, Plaintiff borrowed $156,000 from LoanCity to purchase a home in Burlington, WA. *See* Dkt. #7-1, Ex. 1. The loan was secured by a Deed of Trust recorded against the property. *Id.* The beneficial interest in the Deed of Trust was assigned to OneWest on or about September 23, 2009. *See* Dkt. #7-1, Ex. 2. On May 10, 2011, OneWest assigned the beneficial interest in the Deed of Trust to Deutsche Bank. *See* Dkt. #7-1, Ex. 3.

ORDER
PAGE - 1

On December 16, 2015, a Notice of Trustee's Sale was recorded, providing notice that Plaintiff was in default under the terms of the Loan and that the property would be auctioned. *See* Dkt. #7-1, Ex. 4.

According to Plaintiff, on January 6, 2011, he sent a letter to Deutsche Bank National Trust Company indicating that if Deutsche Bank did not provide the statutorily required copy of his note within 20 days, it would have no further rights to the loan pursuant to TILA. Dkt. #3, ¶ III.3. and Ex. A thereto. Further, on September 22, 2012, Plaintiff sent a letter to Indymac Mortgage Services, a Division of Onewest Bank, indicating that if Indymac/Onewest Bank did not provide the statutorily required copy of his note within 20 days, it would have no further rights to the loan pursuant to TILA. Dkt. #3, ¶ III.2. and Ex. A thereto. On October 24, 2013, Plaintiff sent a letter to Ocwen Loan Servicing, indicating that if Ocwen did not provide the statutorily required copy of his note within 20 days, it would have no further rights to the loan pursuant to the Truth In Lending Act ('TILA'). Dkt. #3, ¶ III.1. and Ex. A thereto. Plaintiff then brought the instant lawsuit seeking to enjoin Defendants from collecting, forcing, reporting, or taking any affirmative action or seeking any relief with respect to the loan contract. Dkt. #3. Plaintiff alleged that more than twenty days had expired since the letters had been sent to Defendants and, therefore, as set forth in TILA and the applicable extension as provided in Regulation Z, the loan contract and mortgage note were cancelled upon mailing of the Notices of Rescission. Dkt. #3, ¶ ¶ III.5-9. and Ex. B thereto. Plaintiff further alleged that, upon information and belief, the subject loan was never consummated. Dkt. #3, ¶ III.10.

In response, Defendants filed a Motion to Dismiss, arguing that Plaintiff's claims were time-barred. Dkt. #7. Plaintiff answered that his loan agreement was immediately rescinded upon the mailing of the letters advising Defendants that he was exercising his right to rescind

ORDER
PAGE - 2

under TILA. Dkt. # 3 at ¶ ¶ 6-9, 11 and 13. Plaintiff also argued that his loan had never been consummated because he could not verify that Loan City ever funded the loan, and therefore the statute of limitations never began to run and his rescission claim was not time-barred. *Id.* at 6-8. The Court ultimately disagreed and dismissed Plaintiff's claims. *Id.*

The Court then noted:

> . . . . Plaintiff's counsel is no stranger to this Court, having litigated at least 28 other mortgage-related matters. . . . What concerns the Court is that Attorney Smith has brought nearly identical arguments in her previous cases, under nearly identical circumstances, and has been sanctioned for the frivolous nature of those claims. . . . Such sanctions have apparently had no deterrent effect, as Ms. Smith has forged ahead with the same arguments and claims in the instant matter. Accordingly, the Court now ORDERS Plaintiff's counsel . . . to show cause . . . why she should not be sanctioned pursuant to Rule 11(c)(1) . . . . Plaintiff's counsel shall explain why the plain text of 15 U.S.C. § 1635(f) and the Supreme Court's ruling in *Jesinoski*, *supra*, that "so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely," does not squarely foreclose this lawsuit.

Dkt. #14 at 6-7 (citations and footnote omitted). Plaintiff's counsel responded to the Court's Order on January 17, 2017. Dkt. #18.

### III.   DISCUSSION

Rule 11(b)(2) requires counsel to certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Plaintiff's counsel argues that she should not be sanctioned because she has, and had at the time of filing, a "good faith belief" that Plaintiff's Notice of Rescission was been made in the applicable time period to rescind the loan. Dkt. #18 at 2. Further, counsel asserts that she

> made a good faith argument that if one of the parties to the loan contract, specifically the lender, is unknown at the time of the signing of the note and deed of trust, or if the lender named on those documents is falsely named as

ORDER
PAGE - 3

> the "lender," then the loan has not been consummated, and the three-year period has not expired.

*Id.* Plaintiff then compares her situation to that of the attorneys litigating decades of tobacco cases, and asserts that she should not be sanctioned for making a new and novel legal argument. *Id.* at 3-5.

As an initial matter, the Court noted that Plaintiff's consummation argument is neither new nor novel. Indeed, courts in the Ninth Circuit have considered this type of argument for years, and have rejected it. *See*, *e.g.*, *Ramos v. U.S. Bank*, 2012 U.S. Dist. LEXIS 131564, *3 fn. 1 (rejecting the same argument made by Plaintiff in this case). Further, Plaintiff's counsel has already been informed by this Court that her legal arguments are frivolous, and she was sanctioned by this Court in the amount of $5,000 as a result. *Johnson v. Mortgage*, Case No. C15-1754TSZ, Dkt. #41 (W.D. Wash. May 20, 2016).

However, the Court recognizes that there are differences between the legal argument regarding consummation that Plaintiff's counsel made in *Johnson* and the arguments asserted in the instant matter. Moreover, Plaintiff's counsel states that she has heard the message from the Court "loud and clear and will not be filing any further TILA rescission cases until the pending litigation is resolved in cases submitted to the Ninth Circuit Court of Appeals." Dkt. #18 at 5. It appears that the Court's warnings have had the desired deterrent effect. Accordingly, the Court will not impose monetary sanctions at this time.

DATED this 18th day of January 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4